IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENNAN WHEELER,

                Plaintiff,
vs.                                                                      CIVIL NO. 04-271 WPJ/LFG

AMERICAN HERITAGE BANK
and BOB SELLERS,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on Plaintiff's Objection to Magistrate Judge's Jurisdiction and Motion to the Court to Reconsider and to Vacate Order to Strike [Doc. 8]. As motions for reconsideration are directed to the judicial officer who issued the order in question, the undersigned magistrate judge will address only that portion of the request. The assigned trial judge, the Honorable William P. Johnson, will consider Plaintiff's objection to the magistrate's prior ruling.

### Request for Reconsideration

Plaintiff and Plaintiff's counsel request reconsideration of the Court's order striking the status report. The Federal Rules of Civil Procedure do not contemplate a "motion for reconsideration." However, the Court may consider such a request if properly filed under Fed. R. Civ. P. 59 or 60. Relief may be granted if the Court concludes that it has misapprehended the facts, misapplied the law or if there has been an intervening change in controlling law, new evidence available which was previously unavailable, or if there is a need to correct clear error or prevent manifest injustice.

Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

Based on a review of the motion for reconsideration and the court file, the Court concludes that it neither misapprehended the facts nor misapplied the law. There is no contention that the law has since changed or that evidence which was previously not available is now available, and the evidence would alter the outcome of the Court's determination, or that there is clear error or manifest injustice. Thus, to the extent that Plaintiff requests this Court to reconsider its order striking the status report, there is no predicate to grant such relief, and the request is denied.

Plaintiff raises two other matters in her objections and motion to reconsider: whether the magistrate judge has jurisdiction over this matter; and whether the magistrate judge is biased against Plaintiff. Indeed, Plaintiff asserts that there is "evidence of bias, arbitrary, and precipitous ruling, which are contrary to judicial expediency and judicial integrity . . . ." [Doc. 8, p. 1]. While the Court advises that *ad hominem* attacks are improper and have no place in court pleadings, both matters will be addressed fully below.

## **Magistrate Judge's Jurisdiction**

This is not a case where the undersigned magistrate judge was proposed as the trial judge and where parties are required to consent under 28 U.S.C. § 636(c). Rather, pursuant to provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq*. ("CJRA), and the district's Civil Justice Expense and Delay Reduction Plan promulgated on the heels of the CJRA, this case is assigned to two separate judges. One serves as the trial judge and the second serves as the referral magistrate judge. The referral magistrate is responsible for case management, conducting the Rule 16 scheduling

conference, all non-dispositive motions and conducting the settlement conference. The trial judge, on the other hand, is responsible for dispositive motions as well as the trial of the case.

When a magistrate judge is serving as the referral magistrate, the parties' consent is not necessary. Thus, there simply exists no basis to reconsider the Court's order based on counsel's argument that Plaintiff did not consent to the undersigned magistrate.

### **Recusal or Removal for Bias or Prejudice**

Plaintiff's request for reconsideration and objection is replete with allegations of bias, prejudice and impropriety. For example, Plaintiff's attorney states on page 1, Doc. 8, of the present motion, "[I]n view of the evidence of bias, arbitrary and precipitous ruling, which are contrary to judicial expediency and judicial integrity, Plaintiff hereby informs the Court that she does not intend to consent to the jurisdiction of Chief Magistrate Judge Lorenzo Garcia . . . ." Counsel further states on page 4 that the magistrate judge's actions were "arbitrary, heavy handed, biased and contrary to the principal of judicial expediency" and that "it is evidently clear that the ruling by Judge Lorenzo Garcia and the statements enunciated on first page of the order were unfounded and precipitous at the least, and grossly misstated, heavy handed and clear evidence of bias against Plaintiff and her cause on its face." (Doc. 8, p. 4). By these statements, it is clear that Plaintiff and Plaintiff's counsel wish to have the magistrate either recuse or be removed from this case.

There exists a procedure under New Mexico's substantive law applicable to state courts where a party may simply file a "recusal" removing a judge from a case. NMSA § 38-3-9 1978. However, no comparable provision exists under federal law. Instead, federal law provides only two statutory provisions relating to bias or prejudice of a judge and the disqualification process. The first is 28 U.S.C. § 144; the second is 28 U.S.C. § 455.

The procedure to remove a judge for bias or prejudice as set out in 28 U.S.C. § 144 requires that a party timely file a sufficient affidavit demonstrating that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of an adverse party. The affidavit must state facts and reasons for the belief that bias or prejudice exists and is to be filed not less than ten days before the beginning of the term of court at which the proceeding is to be heard. A party may file only one affidavit. 28 U.S.C. § 144.

When an affidavit to disqualify a judge is filed under § 144, the judge sought to be disqualified must first pass on the affidavit's sufficiency, compliance with the statute and its timeliness. Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975). There is no automatic disqualification procedure under the statute. Id.; United States v. Bray, 546 F. 2d 851, 857 (10th Cir. 1976).

The affidavit in support of a party's request for disqualification must disclose facts demonstrating bias or prejudice. 28 U.S.C. § 144. Here, Plaintiff's counsel's assertions are, at best, unsupported conclusory statements lacking any detail or factual predicate. Moreover, each assertion of alleged facts deals with the magistrate's conduct in a judicial proceeding and not something arising from an extra judicial source. See Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a finding of bias). To warrant disqualification, the judge's alleged bias and prejudice must have some extra judicial nexus. It is insufficient that a litigant simply be dissatisfied with the judge's performance or rulings in a particular case. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

Finally, under 28 U.S.C. § 144, the judge must consider the question of timeliness. The statute requires the affidavit to be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shown for failure to file it within such time." 28

U.S.C. § 144. Although formal terms of court have long been abolished and the literal ten-day requirement no longer applies, court nonetheless require a party to exercise reasonable diligence in filing an affidavit. Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658 (5th Cir. 1985); In Re Bokum Resources Corp., 26 B.R. 615, 620-21 (D.N.M. 1982).

In this case, the objections come 62 days after the lawsuit was filed and assigned to District Judge Johnson and the undersigned magistrate judge. The objection further comes after the litigant has "tested the judicial waters" by seeking relief. In his motion to reconsider, Plaintiff's counsel states that the basis of his prior "status report" to the Court was "to notify the Court of matters developing and necessary to bring to its attention . . . ." (Doc. 8, p. 4) and for the purpose of "noti[fying] the Court that something is brewing, which required the Court's attention . . . to avoid reaching the point of sanction . . . ." (Doc. 8, p. 4).

Thus, it is clear that the purpose of filing the status report was to prompt the Court to act and determine why opposing counsel would not respond to Plaintiff's counsel's telephone calls. Indeed, the status report had the desired effect because upon receipt of the status report, the Court promptly conducted a telephonic conference and resolved the dispute. The unanticipated result, however, appears to be that Plaintiff was concerned that the Court struck the report as an unauthorized pleading. It is apparent that the present objection and motion for reconsideration comes only as the result of Plaintiff and Plaintiff's counsel's dissatisfaction with the Court's action. Again, adverse rulings do not constitute legal grounds for disqualification. Greene, 108 F.3d at 1305.

In sum, to the extent that the objection or motion for reconsideration can be read as a request for disqualification, the Court denies the request because: (1) no affidavit was filed; (2) the statement consists of unsubstantiated assertions and conclusions; (3) the request for disqualification was a result

5

of dissatisfaction with the Court's rulings and does not demonstrate an extra- judicial bias; and (4) it is untimely.

There exists an alternative procedure for disqualification under 28 U.S.C. § 455. Under this statute, a justice, judge or magistrate judge is required to disqualify himself or herself in various enumerated circumstances outlined under § 455(b). None of those circumstances exist in this case. Additionally, § 455(a) requires a justice, judge or magistrate judge to disqualify himself or herself in any proceeding in which his/her impartiality might reasonably be questioned. Plaintiff may harbor some perception that the Court bears ill will towards her or her counsel. However, there is certainly no factual predicate in this case to substantiate such a conclusion or a finding that the magistrate judge's impartiality might reasonably be questioned.

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory reason, there is an equally compelling duty for a judge to hear the matter when no constitutional or statutory reason has been provided that would compel recusal. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Accordingly, the Court finds no basis for recusal under either § 144 or § 455(a). For all of the above stated reasons, Plaintiff's request for reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration [Doc. 8] is DENIED.

_____  
Lorenzo F. Garcia  
Chief United States Magistrate Judge