IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENNAN WHEELER,

    Plaintiff,

v.                                                                    Civil No. 04-271 WJ/LFG

AMERICAN HERITAGE BANK
and BOB SELLERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## OVERRULING PLAINTIFF'S OBJECTIONS
## TO MAGISTRATE JUDGE'S DISCOVERY AND SCHEDULING ORDER

THIS MATTER comes before the Court pursuant to Plaintiff's Objection to Magistrate Judge's Discovery and Scheduling Order [Docket No. 13]. Having reviewed the Objections, I find they are without merit and are, therefore, overruled.

**BACKGROUND**

This case has gotten off to a rocky start, and it is the sincerest hope of this Court that gentle explanation will nip in the bud the personal rancor evident in this case. The disrespect shown the Court and the finger-pointing among counsel are inappropriate and will not be further tolerated. However, it truly appears that there is a misunderstanding of the jurisdiction and role of the Magistrate Judge in this Court and in this case. This may be the cause of some of the unacceptable conduct. Therefore, I will, once again, clarify the full powers of the Magistrate Judge and will iterate the respect due the Magistrate Judge and his Orders, the proper method and tone of objecting to a Magistrate Judge's Orders, and the possible consequences of any continued disrespect shown the Magistrate Judge.

On March 11, 2004, Plaintiff filed her Complaint in this Court. In accordance with the District of New Mexico Civil Justice Expense and Delay Reduction Plan and D.N.M.LR-Civ. 73.1(a), the case was assigned a presiding judge and, for non-dispositive matters including scheduling, discovery and settlement matters, a referral magistrate judge. I was the presiding judge assigned, and Chief United State Magistrate Judge Lorenzo Garcia was assigned as the referral magistrate judge. On April 12, 2004, Chief U.S. Magistrate Judge Garcia entered an Initial Scheduling Order [Docket No. 4]. This Order directed parties to "meet and confer" no later than May 3, 2004 to formulate a provisional discovery plan. On April 27, 2004, Plaintiff's counsel filed Plaintiff's Update to the Court [Docket No. 6]. This document was essentially a complaint by Plaintiff's counsel regarding Defendants' counsel's failure to return phone calls. The document stated that Defendants' counsel was engaging in "stone-walling and resistance" and that Plaintiff would initiate a motion to compel and for sanctions. It also expressed concern that Plaintiff would be unable to meet the Court's approaching deadline for the provision discovery plan based on the failure of the attorneys to make direct contact with one another.

On April 30, 2004, Chief United States Magistrate Garcia held a telephonic conference with parties' counsel. Following this teleconference, Judge Garcia issued an Order Striking Update to the Court [Docket No. 7]. The Order noted that Defendants' counsel had apologized during the teleconfernce for not having more promptly returned phone calls from Plaintiff's counsel. The Order stated that Plaintiff's Update [Docket No. 6] contained accusations that might tend to create a less than cooperative relationship between counsel during litigation. Judge Garcia also noted that Plaintiff's Update was not an appropriate pleading before the Court because it was not styled as a motion so provided no opportunity for the opposing parties' response.

2

On May 12, 2004, Plaintiff filed a Motion objecting to Judge Garcia's jurisdiction and requesting reconsideration of the Order Striking Update to the Court [Docket No. 8]. By Memorandum Opinion and Order filed May 14, 2004 [Docket No. 9], Judge Garcia addressed that portion of Plaintiff's motion that sought reconsideration of his Order Striking Update to the Court. Judge Garcia applied the accurate legal standard for a motion to reconsider, accurately found that none of the bases for reconsideration were present, and denied the motion to the extent it sought reconsideration of his Order Striking Update to the Court. Judge Garcia also provided a thoughtful and well articulated explanation of the basis of his jurisdiction over the case on non-dispositive matters, and the proper procedures a party must use when moving to disqualify a judge. Judge Garcia then proceeded to treat Plaintiff's motion as a motion to disqualify him as the referral magistrate. Judge Garcia properly noted that Plaintiff had failed to meet the procedural requirements for a motion to disqualify under 28 U.S.C. § 144 and that Plaintiff had failed to disclose specific facts evidencing bias or prejudice to support disqualification. Judge Garcia concluded by analyzing his independent duty to disqualify himself under 28 U.S.C. § 455 when his impartiality might reasonably be questioned. While recognizing that Plaintiff's counsel may harbor a perception that he bears ill will toward Plaintiff or Plaintiff's counsel, Judge Garcia noted that there is no factual basis to support the perception or a finding that his impartiality might reasonably be questioned.

On June 3, 2004, I entered an Order Denying Plaintiff's Objections to Magistrate Judge's Prior Ruling [Docket No. 14] addressing Plaintiff's motion objecting to Judge Garcia's jurisdiction to the extent it challenged the jurisdiction of a United States Magistrate Judge to enter orders in the case without consent of the parties. In that Order, I explained that a magistrate

3

judge is assigned to a case for non-dispositive matters, and that his jurisdiction is not dependent on the consent of the parties. I also expressly found that none of Judge Garcia's rulings in this case were clearly erroneous or contrary to law. Finally, I warned Plaintiff's counsel that the filing of frivolous pleadings could result in court ordered sanctions.

On the same date I entered my Order Denying Plaintiff's Objections to Magistrate Judge's Prior Ruling, Plaintiff filed an Objection to Magistrate Judge's Discovery and Scheduling Order [Docket No. 13].[1] In this Objection, Plaintiff complains that Judge Garcia engaged in prejudicial interference in jurisdiction by "intercepting and impounding" the Motion to Reconsider [Docket No. 8] and Plaintiff's proposed Initial Pretrial Report. Plaintiff further states that Judge Garcia had a "heavy handed, one sided and conclusionary approach," showed obvious indulgence of Defendant's cause and attorney, showed obvious bias, took clearly erroneous and inappropriate action in this case, and made derogatory, insulting and biased remarks toward Plaintiff's counsel. Plaintiff requests a declaration that the assignment of Magistrate Garcia to this case is void and that the exercise of jurisdiction by a magistrate is contrary to law. Plaintiff also objects to a Judge Garcia's setting the discovery period at 150 days when the parties agreed to a different discovery period. Finally, Plaintiff complains, again, that Judge Garcia has shown bias and prejudice in this case by extending protection to Defendants and their attorneys.

**DISCUSSION**

I.   RESPECT FOR THE BENCH

I have grave concerns regarding the language and tone used by Plaintiff's counsel in the

---

[1] I will assume Plaintiff filed her objection (Docket No. 13) before receiving my Order Denying Plaintiff's Objections to Magistrate Judge's Prior Ruling and thus, Plaintiff and her counsel did not have the benefit of my warning with regard to sanctions for frivolous filings.

Objection to Magistrate Judge's Discovery and Scheduling Order [Docket No. 13]. All judges of this Court are entitled to respect, and the failure to show the proper respect and deference to one judge is a failure to show respect to the Court as a whole. There are sufficient words in the English language to permit a party to respectfully disagree with the rulings of a judge and even suggest that a judge may lack impartiality. The tone of Plaintiff's Objection evidences a grievous and intolerable lack of respect and deference for Judge Garcia and, by extension, the entire federal bench. Such will not be countenanced and in the future shall result in appropriate sanctions. Accordingly, Plaintiff's counsel would be well advised to heed the warnings of the Court contained in this Order and my previous Order.

II.  PLAINTIFF'S REQUEST FOR A DECLARATION THAT THE ASSIGNMENT TO THIS CASE OF CHIEF UNITED STATES MAGISTRATE JUDGE GARCIA IS VOID AND CONTRARY TO LAW

This Court has twice explained that every civil case is assigned to both a presiding judge and a referral magistrate in accordance with the Civil Justice Expense and Delay Reduction Plan and D.N.M.LR-Civ. 73.1(a). The Court will also refer counsel to Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a), any matter may be referred to a Magistrate. If the matter is nondispositive, the Magistrate may determine the matter and issue an order. If the parties object to the Magistrate's determination of the issue, the parties may file objections, and the district judge shall consider the objections.

Rule 72(a) certainly contemplates a party's right to object to a specific ruling by a magistrate judge. However, it expressly provides for the district court's discretion to refer any non-dispositive matter to a magistrate for determination, and Plaintiff's objections to the magistrate's exercise of his authority to determine such matters is frivolous. Chief United States

5

Magistrate Garcia is the judge to whom all non-dispositive matters in this case have been referred. Thus, he has complete authority and jurisdiction to determine and issue orders with regard to all non-dispositive issues including scheduling, discovery and settlement. Furthermore, Judge Garcia has jurisdiction to proceed with the Order to Show Cause he filed June 14, 2004 (Docket No. 15). Plaintiff's request that the assignment of Judge Garcia to this case be declared void is denied.

III.   PLAINTIFF'S OBJECTION TO THE TIME PERIOD ALLOWED FOR DISCOVERY

A court may not impose too rigorous a time limit on discovery. Otero v. Buslee, 695 F.2d 1244, 1248 (10th Cir. 1982). However, a court has discretion to set reasonable time limits and enforce those limits when there are no extenuating circumstances. Id.

In Otero, the lower court set a time period of less than three months to complete discovery. Id. The trial court did this after determining that the issues in the case were not complex. Id. The Tenth Circuit held that the lower court did not abuse its discretion in imposing the deadline and enforcing it. Id.

In this case, the Court set a time period of 150 days, just shy of five months, for discovery. As Judge Garcia has noted, this is not a complex case. Plaintiff objects to the 150 day discovery period because the parties had apparently agreed to a longer period of discovery. Plaintiff expresses the belief that the "reduction" in the time for discovery has limited her rights.

Plaintiff offers no authority for the proposition that she has a right to a certain amount of time for discovery or that a court violates a litigant's rights by setting a time limit on discovery. Plaintiff also offers no authority for her implicit argument that parties have a right to stipulate to time limits, and the Court has no right to interfere with that stipulation. This Court is aware of no authority for either proposition. As Otero makes clear, the Court has discretion to set a

reasonable time limit on discovery. Such discretion in antithetical to any right of a litigant to a certain amount of time for discovery (assuming, that is, that the time permitted by the Court is reasonable). Also clear is that the management of the Court's civil docket including the delay between the time a case is filed and the time it goes to trial are very much issues of interest to the Court. See the Civil Justice Reform Act, 28 U.S.C. § 471 et. seq. The Court cannot and will not allow its control over its own docket to be commandeered by litigants. As such, even in the face of a stipulated time for discovery, the Court has an interest in setting a reasonable time limit that prevents the backlog of civil cases from growing to unmanageable proportions.

I agree with Judge Garcia that 150 days is a reasonable time limit for discovery given that this case is fairly straightforward. Thus, Plaintiff's objection to the 150 day time limit is overruled.

IV.   PLAINTIFF'S COMPLAINT OF BIAS AND PREJUDICE BY CHIEF UNITED STATES MAGISTRATE JUDGE GARCIA

Judge Garcia eloquently set out the applicable federal law regarding disqualification of federal judges in his Memorandum Opinion and Order Denying Motion to Reconsider [Docket No. 9]. Rather than attempt to recreate the wheel, I will quote these passages from Judge Garcia's Memorandum Opinion and Order:

> There exists a procedure under New Mexico's substantive law applicable to state courts where a party may simply file a "recusal" removing a judge from a case. NMSA § 38-3-9 1978. However, no comparable provision exists under federal law. Instead, federal law provides only two statutory provisions relating to bias or prejudice of a judge and the disqualification process. The first is 28 U.S.C. § 144; the second is 28 U.S.C. § 455.
> The procedure to remove a judge for bias or prejudice as set out in 28 U.S.C. § 144 requires that a party timely file a sufficient affidavit demonstrating that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of an adverse party. The affidavit must state facts and

7

reasons for the belief that bias or prejudice exists and is to be filed not less than ten days before the beginning of the term of court at which the proceeding is to be heard. A party may file only one affidavit. 28 U.S.C. § 144.

When an affidavit to disqualify a judge is filed under § 144, the judge sought to be disqualified must first pass on the affidavit's sufficiency, compliance with the statute and its timeliness. Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975). There is no automatic disqualification procedure under the statute. Id.; United States v. Bray, 546 F. 2d 851, 857 (10th Cir. 1976).

The affidavit in support of a party's request for disqualification must disclose facts demonstrating bias or prejudice. 28 U.S.C. § 144. . . . *See* Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a finding of bias). To warrant disqualification, the judge's alleged bias and prejudice must have some extra judicial nexus. It is insufficient that a litigant simply be dissatisfied with the judge's performance or rulings in a particular case. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

Finally, under 28 U.S.C. § 144, the judge must consider the question of timeliness. The statute requires the affidavit to be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shown for failure to file it within such time." 28 U.S.C. § 144. Although formal terms of court have long been abolished and the literal ten-day requirement no longer applies, court nonetheless require a party to exercise reasonable diligence in filing an affidavit. Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658 (5th Cir. 1985); In Re Bokum Resources Corp., 26 B.R. 615, 620-21 (D.N.M. 1982).

. . .

Under [28 U.S.C. § 455], a justice, judge or magistrate judge is required to disqualify himself or herself in various enumerated circumstances outlined under § 455(b). None of those circumstances exist in this case. Additionally, § 455(a) requires a justice, judge or magistrate judge to disqualify himself or herself in any proceeding in which his/her impartiality might reasonably be questioned.

. . .

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory reason, there is an equally compelling duty for a judge to hear the matter when no constitutional or statutory reason has been provided that would compel recusal. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

I agree with Judge Garcia's analysis of the issue of his alleged bias, prejudice, and disqualification.  Plaintiff has failed to meet the procedural requirements of 28 U.S.C. § 144 in not

filing an affidavit setting forth facts and reasons for the belief that bias or prejudice exists. Plaintiff's counsel's assertions of bias and prejudice are unsupported statements lacking sufficient factual basis. Moreover, these assertions address Judge Garcia's conduct in a judicial proceeding rather than something arising from an extra judicial source. Thus, disqualification under 28 U.S.C. § 144 is not warranted.

Disqualification under 28 U.S.C. § 455 is similarly unwarranted. Recusal under Section 455 is mandated "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." U.S. v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983). As noted above, the assertions of bias and prejudice here lack sufficient factual basis. Thus, no reasonable person would conclude that Judge Garcia's impartiality might reasonably be questioned and disqualification is unwarranted.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Objection to Magistrate Judge's Discovery and Scheduling Order [Docket No. 13] is hereby OVERRULED.

UNITED STATES DISTRICT JUDGE