IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENNAN WHEELER,

        Plaintiff,

vs.                                                   CIVIL NO.  04-271 WPJ/LFG

AMERICAN HERITAGE BANK
and BOB SELLERS,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# DIRECTING COMPLIANCE WITH DISCOVERY OBLIGATIONS
# AND IMPOSING SANCTIONS

Plaintiff Brennan Wheeler ("Wheeler") and her attorney Mike Bello ("Bello") were directed to show cause, if any they had, why Fed. R. Civ. P. 16 and Rule 37 sanctions, including dismissal of Wheeler's case with prejudice, should not be entered as a result of their non-compliance with the mandatory disclosure requirements of Fed. R. Civ. P. 26, the district's local rule, D.N.M.LR-Civ. 26.3(d), and the specific directive given to Bello at the Rule 16 conference concerning the production of mandatory disclosures.  Wheeler and Bello were also directed to show cause why an award of costs and attorney fees should not be entered against them as a result of their non-compliance.

The Order to Show Cause was issued subsequent to Defendants filing a motion to compel and a request for an order to show cause [Doc. 24].  The motion recites that Wheeler and Bello had not made initial disclosures under Rule 26, nor had they complied with the mandatory disclosure requirements of D.N.M.LR-Civ. 26.3(d), notwithstanding the explicit directive given Wheeler and Bello at the May 21, 2004 Rule 16 conference, the automatic disclosure obligations.  The transcript of the May 21 conference confirms that Bello had not made Rule 26 disclosures within 14 days of the

meet-and-confer session as required by Fed. R. Civ. P. 26 (a)(1).

> THE COURT: All right. What information have you provided to opposing counsel, to Mr. Pool, as part of the disclosure obligations?
>
> MR. BELLO: Yes, Your Honor, I don't understand the question. Are you suggesting that I['m] supposed to do the research for Mr. Pool as to what the allegations and the facts that control the allegations made in [the] petition?
>
> THE COURT: Sir, I'm not suggesting that you do the research. I'm suggesting that you comply with initial disclosures under Rule 26. Your obligations are to make a set of initial disclosures, including name, identification, address and telephone number of the witnesses who have relevant information and on whose testimony you will rely. Your second set of disclosures requires you to disclose the documents on which you will rely in the prosecution of your case. Your third set of disclosures requires a calculation of damages. These disclosures are to be made under federal law without opposing counsel making any request. These are automatic disclosures. They are to have been made within 14 days of your meet-and-confer session, so let me go back and ask you again, what disclosures have you made to opposing counsel?

(Rule 16 Hearing Transcript, p. 9, lines 23-25, p. 10, lines 1-19). Bello conceded that disclosures had not been made, stating, instead, that he understood disclosures were forbidden until after the initial pretrial conference had been conducted. (Transcript, p. 10, lines 20-25).

The Court apprised Bello that he may have confused initial disclosure obligations with formal discovery, and further that the former were required to be made automatically and the latter could only occur upon the parties' agreement or the Court's approval of the provisional discovery plan. (Transcript, p. 11, lines 7-13). Because of this apparent misunderstanding concerning initial disclosures, the Court specifically detailed what disclosures needed to be made. (Transcript, pp. 13-16). The Court then inquired whether Wheeler and Bello complied with the disclosure requirements under the district's local rule.

> THE COURT: The next question, Mr. Bello, is whether your clients are seeking damages for physical, mental or emotional injury. Are you seeking such damages in this case?
>
> MR. BELLO: Yes, Your Honor, and [inaudible] also clearly stated in the petition by the Plaintiff.

(Transcript, p. 15, lines 5-9)

> THE COURT: Mr. Bello, my reason for inquiring is that when there are requests for physical, mental or emotional damages, there is a second disclosure requirement applicable under the District of New Mexico's local rules. The rule provides in Rule 26 that when you make a claim for physical, mental or emotional injury, a plaintiff has two additional obligations. The first is to provide a five-year treatment history. Your plaintiffs must -- or your plaintiff must disclose each and every health care provider which your plaintiff has seen for any reason in the preceding five years. The health care provider needs to be identified by name, address and telephone number.
>
> Secondly, the plaintiff must execute a medical release form that will authorize release of both physical and psychological records, if there is a claim for psychological damage.
>
> Mr. Pool, do you have medical release forms that you wish to use that are HIPA compliant?
>
> MR. POOL: I do, Your Honor.
>
> THE COURT: Will you get those over to Mr. Bello?
>
> MR. POOL: Yes, sir.
>
> THE COURT: Mr. Bello, you'll be required to have those signed and returned within ten days from your receipt of the medical release forms. However, the disclosures must be made within ten days, and what I mean by that is obtain from your client a list of health care providers which your client has seen and get that list over to Mr. Pool.

(Transcript, pp. 15-16).

3

Pool complied with the Court's directive and made his Rule 26 disclosures within the ten-day period; Bello did not. Indeed, by June 16, some sixteen days after the Court-imposed deadline, Bello had not provided his disclosures nor had he sought any extension of time within which to comply. On that date, Pool sent Bello a courtesy letter reminding him of the disclosure obligations and requesting both sets of disclosures within ten days from receipt of the June 16 letter. Bello did not respond to the letter.

On July 16, 2004, one and one-half months past the Court-imposed deadline, Bello finally sent some disclosures. The disclosures sent, however, were not in compliance with the Rule, and, specifically, Bello made no disclosures under D.N.M.LR-Civ. 26.3(d).

At the show cause hearing, Bello argued that Wheeler's medical records are not relevant and that her mental, emotional or physical condition is not at issue. However, when asked to explain the discrepancy between his current position and his statements at the Rule 16 scheduling conference when he advised that Wheeler was, indeed, seeking damages for physical, mental or emotional harm, he professed to have misunderstood the question. This explanation is disingenuous at best given the clarity of the Court's explanation to Bello at the earlier Rule 16 hearing on May 21.

The Court concludes that Wheeler's and Bello's failure to comply with mandatory disclosure obligations, failure to comply with the Court's explicit directive to provide disclosures within ten days, and failure to provide disclosures under Rule 26.3(d) all violate the Federal Rules of Civil Procedure, the local rules of procedure and the Court's explicit directive. The Court determines that sanctions should be imposed as a result of the violation.

### **Ehrenhaus Factors**

Rules 16 and 37(b)(2)(C) permit a court to impose sanctions for discovery violations. The determination of a correct sanction for a discovery violation is a fact-specific inquiry. Ehrenhaus v.

4

Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

When a court opts to impose a sanction, the sanction chosen must be just and related to the particular claim at issue in the order to provide discovery. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107 (1982), *cited* in Ehrenhaus v. Reynolds. The Tenth Circuit instructs lower courts that prior to selecting a sanction for non-compliance with an order or directive, consideration must be given to various factors. The factors do not constitute a rigid test, but should be considered in determining the appropriateness of a sanction. Ordinarily, the factors should be evaluated on the record. *See* Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1439 (10th Cir. 1990).

The Ehrenhaus factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Id. at 921. With these factors in mind, the Court considers the presentations of the parties at the show cause hearing.

### **Degree of Actual Prejudice to Opposing Party**

Defendants demonstrate actual prejudice. The deadline for the end of discovery is quickly approaching and Defendants have yet to obtain information relevant to Wheeler's claims for damages. They do not know whether there is corroboration for the claims or whether Wheeler's claimed condition can be attributed to life stressors apart from any conduct, act or omission on the part of Defendants. They do not know if it will be necessary to seek a Rule 35 evaluation. They do not know if there are "garden variety" claims. Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998), or more serious diagnosable injuries; *see* LeFave v. Symbios, Inc., 2000 WL 1644154 (D. Colo. Apr.. 14, 2000)

5

Delay increases the costs of litigation. In this case, Defendants incurred significant attorney fees and costs of $2,000 in an effort to secure Wheeler's compliance with the Court's rules and directives. Still, Defendants are without information to adequately allow them to evaluate Wheeler's claims for settlement or to prepare for trial. Undoubtedly, Defendants have suffered actual prejudice. Thus, this factor weighs heavily in favor of Defendants.

### Interference With the Judicial Process

Wheeler's non-compliance caused delay. A standard Rule 16 scheduling conference generally proceeds smoothly, efficiently and economically. Due to Wheeler's and Bello's non-compliance with Rule 26 disclosures, the initial Rule 16 conference took a substantially greater amount of time than is normally needed. It was necessary for the Court to explain federal rules and the local rules to Bello, and to explain explicitly and clearly what information his client needed to provide and why. Even with these explanations, Bello simply failed to comply. He took no appeal from the portion of the Court's order directing compliance. He ignored obligations imposed on him by court rules and instead sought to claim that there was no obligation for him to comply. His arguments are not supported by case law. *See, e.g.*, LeFave v. Symbios, Inc., *supra*)(in a Title VII case where plaintiff sought damages for "pain and suffering, emotional trauma, and . . . humiliation," her medical history and records were relevant and discoverable, including treatment history for five years).

Wheeler's and Bello's non-compliance compelled Defendants to expend time and money in filing a motion to compel and in requesting an order to show cause, and further required them to travel a significant distance to Albuquerque, New Mexico for a hearing. The hearing itself on the order to show cause took in excess of an hour. The time, money and resources involved in seeking to compel compliance would not have been necessary had Wheeler and Bello simply done what the law requires and what the Court directed. The Court concludes that there has been significant

6

interference with the judicial process.

### Culpability of the Litigant

When non-compliance is due to a litigant's recalcitrance rather than that of counsel, then the litigant, not counsel, should suffer the consequence of the misconduct. In re Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984). However, if the fault is that of counsel rather than the litigant, then counsel should suffer the consequence. Id.

Here, it is clear that the failure to comply was due to counsel's failure to understand, appreciate and comply with the federal rules, the local rules and the Court's directive. Bello's statements at the Rule 16 conference and at the show cause hearing demonstrate a clear lack of understanding concerning the rules of procedure and an attorney's obligations to follow the rules and the directives of the Court. There is no evidence to show that the non-compliance was due in any way to Wheeler. Thus, it would be unfair to impose a sanction on her when she has put her faith and trust in her attorney and her attorney has failed to comply with his own obligations to his client and to the Court. The Court concludes that the sanction should be imposed on Bello.

### Prior Warning

In determining whether dismissal of a lawsuit is appropriate, an important consideration is whether the court properly warned a litigant that dismissal would be a likely result of non-compliance. Here, while the Court did indeed provide the notification in its Order to Show Cause [Doc. 25, p. 2], the Court already concluded that the fault was that of counsel and not of the litigant. Thus, the Court will not consider dismissal of the case as an appropriate sanction.

### Efficacy of Lesser Sanctions

In this case, the Court determines that an award of costs and fees is appropriate, as they were reasonably and necessarily incurred as part of Defendants' effort to compel Wheeler to comply with

disclosure obligations. Thus, a sanction that is both "just" and "related to the particular claim at issue" is an award of costs and fees that were required to compel compliance with Wheeler's disclosure obligations. <u>Ehrenhaus v. Reynolds</u>.

The evidence in this case is that Defendants incurred costs and fees of $2,000, not including gross receipts tax, in securing compliance with the disclosure obligations. Defendants should be recompensed for their costs and fees.

IT IS ORDERED:

1. That within a ten-day period, Wheeler fully comply with D.N.M.LR-Civ. 26.3(d);

2. that to the extent Bello has not made other Rule 26 disclosures, that they are also to be made within the same 10-day period;

3. that Wheeler execute the HIPA compliant medical release forms for each healthcare provider which were previously furnished to her by Pool;

4. that Bello, individually, and not his client, be sanctioned by an award of costs and fees of $2,000, plus applicable gross receipts tax, to be paid to Defendants; and,

5. that the costs and fees be paid by Bello to Defendants through their attorney Wesley Pool within thirty days of the date of this order.

Failure to comply with this Court's explicit directive can result in imposition of additional sanctions, including dismissal of Wheeler's case with prejudice. <u>Ehrenhaus v. Reynolds</u>.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge