IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENNAN WHEELER,

        Plaintiff,

vs.                                  CIVIL NO.  04-271 WPJ/LFG

AMERICAN HERITAGE BANK
and BOB SELLERS,

        Defendants.

## MEMORANDUM OPINION
## RECOMMENDING DISMISSAL WITH PREJUDICE[1]

THIS MATTER is before the Court on an Order to Show Cause [Doc. 39].  The Court issued that order following receipt of Defendants' Motion for Contempt and For Order to Show Cause [Doc. 37] and their Request for Setting [Doc. 38].  Plaintiff Brennan Wheeler ("Wheeler") failed to respond to Defendants' Motion for Contempt and For Order to Show Cause.  The failure to file a response in opposition to a motion constitutes consent to the grant of the motion.  D.N.M.LR-Civ. 7.1(b).

As Defendants American Heritage Bank and Bob Sellers' ("Defendants") chronology and factual representations are unchallenged, they are adopted by the Court.  The salient chronology is as follows.

On August 17, 2004, the Court issued a Memorandum Opinion and Order directing

---

[1]Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.  Wheeler must, therefore, file any objections no later than October 18, 2004.

compliance with discovery obligations and imposing sanctions [Doc. 34].  In that order, the Court directed:

> That within a ten-day period, Wheeler fully comply with D.N.M.LR-Civ. 26.3(d); that to the extent Bello has not made other Rule 26 disclosures, that they are also to be made within the same 10-day period; that Wheeler execute the HIPA compliant medical release forms for each healthcare provider which were previously furnished to her by Pool; that Bello, individually, and not his client, be sanctioned by an award of costs and fees of $2,000, plus applicable gross receipts tax, to be paid to Defendants; and, that the costs and fees be paid by Bello to Defendants through their attorney Wesley Pool within thirty days of the date of this order.

[Doc. 34, p. 8].

This order was entered because Wheeler and her attorney Mike Bello ("Bello") had failed to comply with mandatory disclosures, and failed to comply with the Court's oral directive that these disclosures be made and that Wheeler comply with the requirements of D.N.M.LR-Civ. 26.3(d).

As of the date Defendants filed their motion for contempt, Wheeler and Bello failed or refused to comply with the Court's August 17, 2004 order, the mandatory disclosures required by law had not been made, and  Wheeler had failed to execute and deliver the HIPA compliant medical release forms within the time limit ordered by the Court.

Defendants' motion for contempt was set for a hearing at the United States District Court in Roswell, New Mexico on October 1, 2004.[2]

Subsequent to the Court's issuance of its Memorandum Opinion and Order directing compliance with discovery obligations and imposing sanctions, Wheeler timely filed objections to the magistrate's order [Doc. 36].  Wheeler's objections are pending before the Honorable William P.

---

[2]The Roswell courthouse was selected as a convenient forum for the parties, as it would entail less time and expense for the magistrate judge to travel to Roswell for the hearing than for all the parties and their attorneys to travel from Clovis to Albuquerque.

Johnson, the trial judge. However, Wheeler did not obtain a stay of the magistrate's order. The filing of objections does not serve to stay the effect of the Court's order. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 78 (S.D.N.Y. 1989); Williams v. Texaco, Inc., 165 B.R. 662, 673 (D. N.M. 1994). Without allowing Judge Johnson to rule on Wheeler's objections, Bello inexplicably filed a Notice of Appeal [Doc. 41] seeking Tenth Circuit review of a magistrate judge's discovery order.

The filing of a timely notice of appeal generally serves to divest the trial court of jurisdiction, including jurisdiction to proceed on the scheduled show cause hearing in Roswell. However, when a notice of appeal is "manifestly deficient," the trial court is authorized to "ignore it and proceed with the case." Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 340, 341 (10th Cir. 1976). The magistrate determined that a proper appeal of a magistrate's discovery order is to the District Court, and that a discovery order is not a final decision of the District Court and therefore outside the jurisdiction of the appellate court. 28 U.S.C. § 1291; *See also* Howard v. Mail-Well Envelope Co., 90 F.3d 433, 435-36 (10th Cir. 1996)(a "final decision" ends the litigation on the merits and leaves nothing more for the court to do but execute judgment). The magistrate concluded that Bello's Notice of Appeal was manifestly deficient and could not serve to divest the trial court of jurisdiction [Doc. 44].

So as to ensure that the parties were aware that the Court intended to proceed with the order to show cause hearing in Roswell, the Court issued an order clarifying its jurisdiction and confirming that the upcoming show cause hearing would, indeed, proceed as scheduled [Doc. 44]. The day before the hearing, Bello filed a motion to stay pending appeal [Doc. 47]. The trial judge orally

denied the motion.[3]

On October 1, 2004, the date of the show cause hearing in Roswell, Defendants and their attorney Wesley Pool were present.  Neither Wheeler nor her attorney appeared.  At the hearing, Defendants requested that Wheeler's complaint be dismissed with prejudice as a discovery sanction due to Wheeler's ongoing failure and/or refusal to comply with discovery obligations and court orders.  In support of their request, Defendants presented information on the five factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), including:  (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

## Degree of Prejudice to Opposing Parties

Defendants argue that critical deadlines elapsed and they have yet to receive mandatory Fed. R. Civ. P. 26 disclosures and disclosures required under D.N.M.LR-Civ. 26(d).  The deadline for joinder of parties and amendment of pleadings expired, and Defendants have been denied information from which they could determine if additional parties should be joined or if their pleadings should be amended.

Similarly, the deadline for Wheeler's disclosure of experts has come and gone, and Wheeler failed to disclose whether any expert would be testifying in support of her claims for emotional harm and pain and suffering as pled in the Complaint.  Defendants' own expert disclosure deadline cannot be met as Defendants lack critical information to verify or challenge Wheeler's claims.  Defendants cannot confirm, deny or even evaluate Wheeler's emotional harm claims as she has steadfastly refused

---

[3]A formal order of denial is being prepared by the trial judge.

to provide Defendants with information which is discoverable not only under Fed. R. Civ. P. 26 and D.N.M.LR-Civ. 26, but under case law. *See, e.g.,* LeFave v. Symbios, Inc., No. CIV.A.99-2-1217, 2000 WL 1644154 at *2 (D. Colo. Apr. 14, 2000); Hilt v. SFC, Inc., 170 F.R.D. 182, 186 (D. Kan. 1997).

Defendants are unable to exercise their rights under Fed. R. Civ. P. 35 and request an independent evaluation, as they still have no information concerning Wheeler's present or past medical condition or whether factors other than the alleged conduct of which Wheeler complains in this lawsuit is the cause of mental or emotional distress.

Only three weeks remain before the close of all discovery in this case and at this juncture, notwithstanding a liberal 150-day discovery schedule authorized by the Court, Defendants have been denied very basic information necessary to evaluate the case for settlement or to prepare to meet the proofs at the time of trial.

Defendants demonstrate real prejudice. Apart from the denial of necessary information, Defendants have expended nearly $4,000 in costs and attorney fees in futile attempts to compel Wheeler's compliance, and still, they have no information on Wheeler's mental or emotional condition. The prejudice demonstrated by Defendants satisfies the first prong of the Ehrenhaus factors.

### Interference With the Judicial Process

The Court has conducted two hearings in an effort to secure Wheeler's compliance and directed Wheeler to comply with obligations under the Federal Rules of Civil Procedure and with the Court's orders. The Court's directives have been ignored. Given Wheeler's non-compliance, it is likely that the Court would be forced to modify all case management deadlines so as to allow Defendants a fair opportunity to prepare for trial. If deadlines were modified, the Court would be

5

unable to bring this case to final conclusion within the time limits contemplated by the district's Civil

Justice Expense and Delay Reduction Plan promulgated under the Civil Justice Reform Act, 28

U.S.C. § 471 *et seq*.   Thus, the non-compliance has hindered the Court's ability to efficiently,

expeditiously and economically bring this case to a conclusion.

The Court concludes that Wheeler's non-compliance with discovery obligations has resulted

in significant interference with the judicial process.

### Culpability of the Litigant

At the prior show cause hearing when it was clear that Bello was the individual who had failed

to produce the information required, the Court conducted the five-point Ehrenhaus evaluation and

concluded that Bello rather than Wheeler was at fault and sanctioned Bello and not Wheeler.   In Re

Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is

where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc.,

834 F.2d 869, 873 (10th Cir. 1987).   However, Wheeler was present in Court at the prior hearing and

was apprised of her obligation to produce documents and was appropriately warned of the

consequences.   Notwithstanding the Court's many directives to Wheeler and Bello and prior sanctions

order [Doc. 34], they still have not complied.   Moreover, both failed to appear at the show cause

hearing on October 1 or to give any explanation, justification or excuse for their non-compliance.

Thus, while the prior sanction was imposed on Bello, Wheeler now bears the same degree of

culpability as Bello for failing to ensure that required discovery was provided and ensuring that her

attorney complied with the Court's directives.   Thus, Wheeler is a proper person to suffer a sanction.

### Prior Warnings of Dismissal as a Sanction

Defendants argue that the Court has given Wheeler and Bello numerous warning that

dismissal was a likely sanction for non-compliance.   The warnings appear in written form in Court

6

orders [Doc. 15, 25, 34 and 39] and as part of the Court's oral pronouncement at hearings. Thus, it is clear that Wheeler and Bello were put on notice that failure to comply with the Court's directives could result in dismissal of the case with prejudice. These numerous prior warnings satisfy the fourth Ehrenhaus requirement.

### Efficacy of Lesser Sanctions

Defendants argue that no sanction short of dismissal can serve to resolve this dispute. The Court has repeatedly admonished Bello and Wheeler concerning their obligations. The Court directed compliance and advised that non-compliance could result in dismissal of the case. The Court has already used the imposition of attorney fees as a sanction, but to no avail. Bello has not paid the sanction imposed; neither Bello or Wheeler has provided the information which the Court directed be produced; and, Bello and Wheeler have evidenced their disregard and disrespect for the Court and its process by their frivolous pleadings and their failure to appear at the show cause hearing. The Court determines that no lesser sanction would suffice to compel compliance with the Court's order. Thus, only the most severe sanction--dismissal of the case with prejudice--will serve the interests of justice.

### Conclusion

Having afforded Wheeler and Bello an opportunity to present argument or authorities to the contrary, and both having ignored the Court's directive to appear at the show cause hearing, the Court concludes that Wheeler and Bello failed to show the existence of any cause that warrants the continuation of the prosecution of this case.

To bring an end to this litigation, Defendants advise that should the Court grant dismissal of Wheeler's complaint with prejudice, they, too, will voluntarily dismiss their counterclaim and bring an end to this lawsuit.

## **Recommended Disposition**

For the reasons stated, the Court recommends that the trial judge enter an order dismissing Wheeler's lawsuit with prejudice as a discovery sanction as recently authorized by the circuit court in <u>Ashby v. McKenna</u>, No. 03-1464, 2004 WL 2106540 (10th Cir. Sept. 22, 2004).  The Court should also, at Defendants' own request, also dismiss Defendants' counterclaim without prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge